IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **R.P.**, <br> A minor, by his parents <br> and next friends, <br> **Dietra Pinn** <br> 2323 Good Hope Ct. SE #201 <br> Washington, D.C. 20020 <br><br> and <br><br> **RUEBEN & DIETRA PINN** <br> 2323 Good Hope Ct. SE #201 <br> Washington, D.C. 20020 <br>       Plaintiffs <br><br>     v. <br><br> **DISTRICT OF COLUMBIA** <br> A municipal corporation, <br> 1350 Pennsylvania Ave., N.W. <br> Washington, D.C. 20004 <br><br>     Serve on: <br>     Attorney General of D.C. <br>     One Judiciary Square <br>     441 4th Street, N.W., Suite 600 <br>     Washington, D.C. 20001 <br><br>     and <br><br>     Mayor Anthony Williams <br>     Office of the Secretary <br>     1350 Pennsylvania Avenue, Ste. 419 <br>     Washington, DC 20004 <br><br> **CLIFFORD B. JANEY** <br> The Superintendent, <br> District of Columbia Public Schools <br> 825 North Capitol Street, NE <br> Washington, D.C. 20002 <br>       Defendants(s) | **Civil Action No:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Individuals with Disabilities in Education Act, 20 U.S.C. §§1415 et seq., (herein IDEA); the Individuals with Disabilities Education Improvement Act of 2004, P.L. 108-446; the Rehabilitation Act of 1973 ("Section 504"); 29 U.S.C. §794; 42 U.S.C. §1983; 28 U.S.C. §§1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202. The Court has pendent jurisdiction pursuant to 5 D.C.M.R. §§3000 et seq.

## PARTIES

2. R.P. is an eleven-year old child with disability in the custody of his parents, Mr. and Mrs. Pinn in the District of Columbia, and is eligible for services pursuant to IDEIA and section 504. The mother brings this action on her behalf and in their own right.

3. The District of Columbia is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public School System (DCPS). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEA and section 504.

4. Clifford B. Janey is the Superintendent of the District of Columbia Public Schools and is responsible for ensuring that all children in the District of Columbia receive a free, appropriate education and that their rights to equal protection of the law and due process of law are respected.

## FACTS

5. R.P. is an 11 year old learning disabled child receiving special education and related services at Kethum Elementary School. He spends 21-60% of his time out-of-general education.

6. Prior to Ketchum R.P. attended McGogney and Gage-Eckington and was not progressing academically or emotionally. During his attendance at Ketchum, he has not progressed academically or emotionally.

7. DCPS did not provide him with all the necessary evaluations, i.e. psychiatric and clinical to determine ADHD and ED disability, a social history as part of the initial evaluation process and did not provide him with appropriate special education and related services.

8. DCPS failed to convene an appropriate placement meeting prior to placing him at Ludlow-Taylor because no meeting was held with the parents so as to make an appropriate decision as to placement. DCPS also denied the parents' due process rights because they were not informed that they could in fact have placed their student at a different school. In fact when the parents stated their displeasure with the McGogney and asked for a different placement, the parents were informed that there son could not attend the DC public school that they asked for because it was not in the area. Therefore, denying the parents their due process rights.

9. On 10/09/03, Plaintiffs' teacher answered a teacher questionnaire in which he indicated that R.P. had serious problems with reading, written comprehension, paying attention, focusing for long periods, focusing long enough to finish assigned task and had an obvious problem sustaining attention during sports activities. He has serious problems following rules, expressing anger appropriately. However, DCPS did not complete a clinical or a psychiatric to address the stated behaviors.

10. R.P.'s report cards and Stanford nine scores were all below level and teacher comments clearly indicated that he had problems that were interfering with his academics.

11. As a second grader, his Vineland Adaptive Behavior Results indicated that R.P. was adaptively functioning 2 years 2 months below his chronological age. However, he did not receive services to address that.

12. R.P.'s IEP although inappropriate, were not appropriately implemented during his attendance at McGogney, Gage-Eckington and Ketchum ES because DCPS failed to provide the services in a full time therapeutic center as indicated by his failures and below level achievements. In fact, all his IEPs did not include goals that were geared towards providing

educational benefit because his goals have remained fairly the same. Although he had behavioral problems, no counseling was provided on his IEP and no behavior plan was completed. Additionally, his IEP does not reflect a Speech and Language Impairment although it was documented that he had severe speech delay.

13.     On 12/21/05, a due process complaint was filed alleging the facts above and on 02/22/06, a hearing was held and it could not be concluded; it was again convened on 03/28/06 but again it was continued to 04/25/06 but the hearing did not go forward on that date because DCPS did not have an available hearing officer to preside over the hearing. On 05/15/06 the hearing was finally concluded, more than five months after the complaint was filed.

14.     During all of the sessions of the hearing, the hearing officer attempted to limit parent's counsel's case by trying to keep her from discussing issues relating to DCPS sending a letter to the parents informing them that Ludlow-Taylor was the student's new school and DCPS not convening a placement meeting to make a determination that Ludlow-Taylor was an appropriate placement for the student.

15.     During the 05/15/06 hearing, the hearing officer overruled the parent's counsel's objection to the staff from Ketchum ES testifying since DCPS did not disclose the said witnesses five days prior to the hearing. As a result of the testimony from Ketchum ES, the hearing officer found that Ketchum was an appropriate placement.

16.     On 05/25/06, five months after the complaint was filed, an HOD was issued that dismissed the parent's complaint. In that HOD, the hearing officer clearly indicated that Ketchum staff was not disclosed for the hearing which was in direct violation of the 5-day disclosure rule but he allowed DCPS to call on Ketchum staff. However, during the hearing, the hearing officer would not allow the parent's counsel to call on her expert witness although the witness was listed in the 5-day disclosure.

## COUNT I

17. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

18. Defendants failure to provide plaintiff with free, appropriate education violates plaintiffs' rights under the IDEIA and section 504.

## COUNT II

19. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

20. Defendants violated IDEIA and denied Plaintiffs due process when it failed to inform the parent that R.P. needed a more structured environment than the DC public schools or that they could have placed their child in a school of their choice.

## COUNT III

21. Plaintiff adopts and incorporates preceding paragraphs as if fully set forth herein.

22. Defendants violated IDEIA by not completing the evaluations within the appropriate timeframe as required under IDEIA.

## COUNT IV

23. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

24. Defendants violated IDEIA by not providing R.P. with appropriate IEPs since 2003 and not providing an IEP with appropriate disability classifications.

## COUNT V

25. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

26. Defendants violated IDEIA by not providing R.P. with an appropriate placement going back to 2003.

## COUNT VI

27. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

28. Defendants violated IDEIA by not providing R.P. with appropriate special education and related services and all his related services.

## COUNT VII

29. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

30. Defendants violated IDEIA by not convening a placement meeting with the parents prior to placing him at Ludlow-Taylor.

## COUNT VIII

31. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

32. The Hearing Officer erred by not allowing the parents to put forth their entire case and by allowing DCPS to call witnesses who were not listed on the witness list.  Therefore, denying the parents due process.

## COUNT IX

33. Plaintiff adopts and incorporates preceding paragraphs as if fully set forth herein.

34. The Hearing Officer erred by admitting testimony from a witness not disclosed in Defendant's 5-day disclosure in contravention of the IDEIA and relying on the testimony in making his decision.

## COUNT X

35. Plaintiff adopts and incorporate preceding paragraphs as if fully set forth herein.

36. Defendants violated IDEIA by not issuing a final decision within 75 days of the filing of the complaint and by not having a hearing officer available to preside over the hearing.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiffs pray this Court to grant them the following relief:

1. Issue judgment for plaintiffs and against defendants on all aforementioned counts;

2. Issue appropriate injunctive relief requiring defendants to issue a PNOP placing and funding R.P. at High Road for the remainder of the school year;

3. Issue an order awarding compensatory education to the plaintiff;

4. Order that the March 25, 2006 Hearing Officer's Determinations be reversed, finding denial of a free, appropriate, public education by DCPS;

5. Award plaintiffs attorneys' fees and the costs of this action; and

6. Award any other and further relief the Court deems just and proper.

                Respectfully submitted,
                THE IWEANOGES' FIRM P.C.

By: /s/ *Jude Iweanoge* /s/
                Jude C. Iweanoge, Bar #493241
                1010 Vermont Avenue, NW, Suite 600
                Washington, D.C. 20005
                Phone: (202) 347-7026
                Fax: (202) 347-7108
                Email: jci@iweanogesfirm.com