**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **R.P, a minor** \* | |
| **by his parents and next friends,** \* | |
| **REUBEN AND DIETRA PINN** \* | |
| Plaintiffs \* | |
| \* | **Civil Action No: 06-1496 (EGS)** |
| v.  \* | |
| \* | |
| \* | |
| **DISTRICT OF COLUMBIA, et al** \* | |
| Defendants \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW, the Plaintiffs, Reuben and Dietra Pinn and R.P, a minor, by and through their attorneys Jude C. Iweanoge, Esquire and THE IWEANOGES' FIRM, P.C. and respectfully requests this Honorable Court to deny Defendants Motion to Dismiss Plaintiffs Complaint as time barred. Memorandum of points and authorities supporting Plaintiffs Opposition to Defendants motion to dismiss is attached hereto.

Respectfully submitted,
THE IWEANOGES' FIRM P.C.


By:____/s/*JudeIweanoge/s/*_____
 Jude C. Iweanoge
 Federal District Building-Suite 600
 1010 Vermont Avenue, NW
 Washington, DC 20005
 Phone: (202) 347-7026
 Fax: (202) 347-7108
 Email: jci@iweanogesfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **R.P, a minor** * | |
| By his parents and next friends, * | |
| REUBEN AND DIETRA PINN * | |
| Plaintiffs * | |
| * | **Civil Action No:06-1496 (EGS)** |
| v. * | |
| * | |
| * | |
| **DISTRICT OF COLUMBIA, et al** * | |
| Defendants * | |

************************************

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORTS OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

### PROCEDURAL POSTURE

On or about August 24, 2006, Plaintiffs filed a Complaint pursuant to Individuals with Disabilities Education Improvement Act ("IDEIA"), premised on Defendants violation of Plaintiffs' rights under the IDEIA.

On or about September 8, 2006, District of Columbia was served with the summons and Complaint in this matter. On or about September 11, 2006, Defendant Superintendent of District of Columbia Public Schools was also served with summons and complaint in this matter.

On or about September 19, 2006, Defendant filed a motion to Dismiss Plaintiffs' Complaint contending that Plaintiff claim is barred by the applicable statute of limitation.

### STANDARD OF REVIEW

Federal Rules of Civil Procedure, Rule 12(b)(6) provides that a claim may be dismissed for failing to state a claim upon which relief can be granted. The legal standard for a motion to dismiss pursuant to Rule 12(b)(6) is that the complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support

of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, (1957). The court accepts as true all of the complaint's factual allegations giving "the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). The factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. *See* *Shear v. National Rifle Association of America*, 606 F.2d 1251, 1253 (D.C. Cir. 1979). Dismissal is only proper if, after the allegations of the complaint are construed in the light most favorable to the plaintiff, the facts and allegations in the complaint would fail to afford the plaintiff relief if proven. *Ezra v. Pedas*, 682 A.2d 173, 174 (D.C. 1996). The Defendants' have failed to make a showing that the complaint fails to state a claim upon which relief can be granted or that Plaintiff's complaint is untimely .

I.   **PLAINITFF'S CLAIM SHOULD NOT BE DISMISSED BECAUSE IT WAS FILED WITHIN THE TIME MANDATED BY IDEA**

Defendants contend in their motion that Plaintiffs' complaint was not filed within the 90-day period provided by IDEIA. Specifically, Defendants contend that Plaintiffs appeal should have been file on or before August 23, 2006 since the HOD was issued on May 25, 2006. In addition, Defendants relies on *Tyler v. District of Columbia*, 2006 U.S. Dist. LEXIS 48274, (D.D.C. July 18, 2006), *T.T. v. District of Columbia*, 2006 U.S. Dist. LEXIS 42739. 7-8 (D.D.C. June 26, 2006). However, Defendants reliance on *Tyler*, 2006 U.S. Dist. LEXIS 48274, is misplaced. In Tyler, *supra*, the Court held that "Plaintiff's were entitled to an extra three (3) because they received the notice of the HOD decision by mail." *Id.* at 3 (citing Baker v. Henderson, 150 F. Supp. 2d 13, 15 (D.D.C. 2001) (pursuant to Fed. R. Civ. P. 6(e), it is presumed that EEOC's right-to-sue letter was received 3 days after it was mailed; thus the limitation period is extended by 3 days)). Appling the holding in *Tyler* to the instant case, Plaintiffs complaint is timely because the HOD was issued on May 25, 2006 in the absence of

the parties; therefore Plaintiff's had until August 26, 2006 to file their complaint. Plaintiffs filed their complaint on August 24, 2006, two (2) days prior to the running of the statute of limitation.

In sum, Plaintiffs complaint for violation of IDEA is not time barred and should not be dismissed.

## CONCLUSION

The Court should deny Defendants motion to dismiss because Plaintiffs complaint was filed within the applicable statute of limitation.

<div style="margin-left:40%">
Respectfully submitted,<br>
THE IWEANOGES' FIRM P.C.<br>
<br>
By:___/s/JudeIweanoge/s/_____<br>
    Jude C. Iweanoge<br>
    Federal District Building-Suite 600<br>
    1010 Vermont Avenue, NW<br>
    Washington, DC 20005<br>
    Phone: (202) 347-7026<br>
    Fax: (202) 347-7108<br>
    Email: jci@iweanogesfirm.com
</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 2nd October 2006 a copy of the foregoing document was filed via electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will notify the Defendants through the court's e-file system.

_____/s/_____
Jude C. Iweanoge