**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **R.P., a minor,** : | |
| **by his parents and next friends,** : | |
| **REUBEN and DIETRA PINN,** : | |
|  : | |
| Plaintiffs, : | |
|  : | |
| v. : | Civ. No. 06-1496 (EGS) |
|  : | |
| **DISTRICT OF COLUMBIA, et al.,** : | |
|  : | |
| Defendants. : | |

**REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

The Defendants, by counsel, reply herewith to the Plaintiffs' Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint, filed October 2, 2006 ("Opposition").

In their dismissal motion, the Defendants argued that the Complaint herein, having been filed more than 90 days after the administrative decision being challenged, was untimely, and that the Court was without jurisdiction to further entertain this action. In their Opposition, the Plaintiffs essentially contend that in addition to the 90-day limitations period, they had an additional 3 days within which to file, attributable to the service period provided in Fed. R. Civ. P. 6(e).  Thus, they argue, since the Complaint was filed on the 91st day after the May 25, 2006, administrative decision at issue, it was indeed timely.  The Defendants submit that the Plaintiffs' argument is unavailing.

IDEIA provides that claimants "shall have 90 days after *the date of the hearing officer's decision*" to file their complaint in Court. 20 U.S.C. §1415(2)(b) (emphasis added). On its face, therefore, the statutory period is limited to 90, not 93, days.

The Plaintiffs contend, however, that Tyler v. District of Columbia, 2006 U.S.Dist. LEXIS 48274 (D.D.C., July 18, 2006) – cited by the Defendants to confirm that the 2004 reenactment of the statute substituted a 90-day limitations period for the earlier 30-day period – also approved adding a 3-day service period to the 90 days provided in the statute.

It is true that in the Tyler decision, Judge Collyer stated, for the first time, that complainants such as the Plaintiffs are "entitled to an extra three days because they received notice of the HOD decision by mail," citing Baker v. Henderson, 150 F.Supp.2d 13 (D.D.C. 2001). Id., *5. With due respect, the Defendants believe that statement to be legally incorrect.

The Baker case involved the timeliness of a court challenge to an EEOC letter ruling on a claim for discrimination and retaliation. The statute involved there, 42 U.S.C. §2000e-56(f)(1), granted a right to seek court review of such administrative rulings "within ninety days after the giving of the [right to sue] notice." That provision has been interpreted to mean that it is the "receipt of the notice [which] triggers the suit-filing period." Perry v. Gallaudet University, 738 A.2d 1222, 1224 (D.D.C. 2001) citing Shehadeh v. Chesapeake & Potomac Tel. Co., 595 F.2d 711, 717 (D.C. Cir. 1978). And in Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984), on which the Baker decision was based, the Supreme Court was similarly construing the Civil Rights Act appeal provision, and applied the 3 day period of Fed. R .Civ. P. 6(e) where the plaintiff

2

had been mailed a notice of right to sue stating that "such suit must be filed in the appropriate United States District Court *within ninety days of receipt of this Notice*." Id. at 148 (emphasis added).[1]

Here, both the statute involved, and the statutory wording, are entirely different. The limitations period in IDEIA cases does not commence "after the giving of . . . notice," but "after the date of the hearing officer's decision." Moreover, unlike the Baker and Baldwin County cases, the determination being challenged here is not a letter ruling available only on its receipt in the mail, it is a decisional document published on a specific date, immediately available, and transmitted by facsimile to the parties when it is issued. Indeed, a copy of the May 25, 2006 HOD here involved was transmitted to, and received at the offices of, counsel for the Plaintiffs, on the same date it was issued. See Exhibit 1 hereto.

In short, there is no statutory basis for enlarging the IDEIA 90 day limitations period, and the Plaintiffs have offered no support for the notion that the service period of Fed. R. Civ. P. 6(e) must – or should – be applied. Just as the limitations periods for reconsideration or appeal of this Court's rulings run from the date those rulings occur, so the limitations period for HODs run from their date of issuance. The Complaint filing here was outside of the permissible 90-day period, and the action must therefore be dismissed.

                                               Respectfully submitted,

                                               ROBERT J. SPAGNOLETTI
                                               Attorney General for the
                                               District of Columbia

---

[1] See also, e.g., Scholar v. Pacific Bell, 963 F.2d 264 (9th Cir. 1992), cert. denied, 506 U.S. 868 (1992) (Civil Rights Act 90 day filing deadline runs from the actual date of receipt at plaintiff's residence, regardless of when the plaintiff has actually read it).

3

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

**/s/ Carol E. Burroughs**
CAROL E. BURROUGHS [#415432]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6520
carol.burroughs@dc.gov

October 11, 2006