**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|                                   |   |                                  |
|---|---|---|
| R.P., *et al.*,                   | ) |                                  |
|                                   | ) |                                  |
|     Plaintiffs, | ) |                                  |
|                                   | ) |                                  |
|     v.          | ) | Civil Action No. 06-1496 (EGS)   |
|                                   | ) |                                  |
| DISTRICT OF COLUMBIA, *et al.*,   | ) |                                  |
|                                   | ) |                                  |
|     Defendants. | ) |                                  |

**MEMORANDUM OPINION AND ORDER**

R.P. and his parents, Reuben and Dietra Pinn (collectively "plaintiffs") appeal an adverse Hearing Officer Decision ("HOD") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. The HOD was issued on May 25, 2006 and plaintiffs filed their complaint in this Court on August 24, 2006. Defendants have moved to dismiss because plaintiffs did not file their appeal within ninety days of the administrative hearing officer's decision. For the following reasons, defendants' motion to dismiss is **GRANTED**.

The IDEA provides that a party bringing an action to appeal an HOD "shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action . . . , in such time as the State law allows." 20 U.S.C. § 1415(i)(2)(B). The defendants maintain that ninety days is the relevant limitations

period rather than any borrowed limitations period and this Court agrees.[1]

Defendants contend that the Court lacks jurisdiction over this action because plaintiffs filed their complaint on the ninety-first day after the HOD was issued. Plaintiffs argue that they were entitled to an extra three days to file their complaint -- ninety-three days total -- because the HOD was issued in the absence of the parties.[2] Plaintiffs rely on the Court's decision in *Tyler v. District of Columbia*, No. 05-2259, 2006 WL 2024377 (D.D.C. July 18, 2006).

In *Tyler*, the Court held that plaintiffs should receive an additional three days beyond the ninety-day period provided in 20 U.S.C. § 1415(i)(2)(B) because of the mailbox rule contemplated

---

[1] Other judges in this district have determined that the applicable statute of limitations for HOD challenges is ninety days. *See, e.g., T.T. v. District of Columbia*, No. 06-0207, 2006 WL 1774320, at *2 (D.D.C. June 26, 2006); *Anthony v. District of Columbia*, No. 06-0192, 2006 WL 1442242, at *2 (D.D.C. May 22, 2006). *But see Parker v. District of Columbia*, No. 05-0188, 2006 WL 1442383, at *2 (D.D.C. May 22, 2006) (applying the D.C. Circuit's opinion in *Spiegler v. District of Columbia*, 866 F.2d 461 (D.C. Cir. 1989), and thirty-day limitations period without explanation, despite recognizing that IDEA was amended to provide a ninety-day limitations period); *Cummings v. District of Columbia*, No. 04-1426, 2006 WL 1126811, at *3 (D.D.C. Mar. 31, 2006) (assuming in *dicta* that thirty-day limitations period applied).

[2] Plaintiffs do not dispute that their attorney received a copy of the HOD via facsimile on the same day that it was issued.

in Rule 6(e) of the Federal Rules of Civil Procedure.[3] *Id*. at *1. *Tyler* relies on *Baker v. Henderson*, 150 F. Supp. 2d 13, 15 (D.D.C. 2001), in which the Court found that the plaintiff had an additional three days beyond the ninety-day limitations period in Title VII of the Civil Rights Act for filing suit after receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). *Baker*, in turn, relies on the Supreme Court's decision in *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984). In *Baldwin County Welcome Ctr.*, the Supreme Court noted that the right-to-sue letter at issue stated that if Brown chose to commence a civil action, "such suit must be filed in the appropriate United States District Court within ninety days of [her] *receipt* of this notice." *Id.* at 148 (emphasis added). The Supreme Court presumed that the receipt of the notice occurred three days after the date of the notice based on the mailbox rule in Federal Rule of Civil Procedure 6(e). *Id.* at 148 n.1.

This Court is not persuaded by the *Tyler* decision allowing ninety-three days in which to file a complaint.[4] The statute at

---

[3] "Whenever a party must or may act within a prescribed period after service, . . . 3 days are added after the prescribed period would otherwise expire." Fed. R. Civ. P. 6(e).

[4] *See Starbuck v. City and County of San Francisco*, 556 F.2d 450, 457, n. 13 (9th Cir. 1977) ("The doctrine of stare decisis does not compel one district court judge to follow the decision of another."); 18-134 Moore's Federal Practice - Civil § 134.02[1][d] (2006) ("A decision of a federal district court

3

issue in civil rights cases involving EEOC right-to-sue letters and the statute at issue in this case differ in important ways. Both *Baker* and *Baldwin County Welcome Ctr.* interpret 42 U.S.C. § 2000e-5(f)(1), which grants a party a right to seek court review of an administrative ruling within "ninety days after the giving of [the right-to-sue] notice." This provision of Section 2000e-5(f)(1) has been interpreted to mean that "[r]eceipt of the notice triggers the suit-filing period." *Shehadeh v. Chesapeake & Potomac Tel. Co.*, 595 F.2d 711, 717 n.22 (D.C. Cir. 1978). Unlike Section 2000e-5 of Title VII in which the statute of limitations period is triggered by the receipt of notice, the limitations period in Section 1415 of IDEA begins to run from the date of the hearing officer's decision. This is a date certain. By its own language, Section 1415 requires a party to act within ninety days from the date of the HOD and is not dependent on receipt or service of that decision. Rule 6(e) applies to those circumstances where a party must or may act within a certain time after service, not when a party must act within a certain time after a decision is issued. In this case, the time for appealing the HOD began to run on May 25, 2006 and plaintiffs had to file a complaint by August 23, 2006.

---

judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").

4

Although the Court is sympathetic that the complaint alleges that a child is being denied adequate education, the Court finds that Section 1415 of IDEA clearly contemplates only ninety days from the date of the HOD in which to file a civil action and this complaint was filed one day too late.  Accordingly, it is hereby

**ORDERED** that defendants' Motion to Dismiss is **GRANTED**; and it is

**FURTHER ORDERED** that this case is **DISMISSED** and shall be removed from the active calendar of this Court.

**Signed:**    **Emmet G. Sullivan**
               **United States District Judge**
               **February 22, 2007**